IN RE VICTORIOUS RONE BY AND THROUGH ARDEAL AND DIANNE ROSEBORO, PETITIONERS, v. WINSTON-SALEM/FORSYTH COUNTY BOARD OF EDUCATION, RESPONDENT

No. COA11-642

(Filed 1 May 2012)

**Attorney Fees—administrative appeal—not authorized**

The trial court erred in an administrative appeal from the Winston-Salem/Forsyth County Board of Education's decision upholding a student's assignment to an alternative learning center by awarding attorney fees to petitioners' counsel pursuant to 42 U.S.C. § 1988. Because this case was not an action or proceeding under 42 U.S.C § 1983, the trial court lacked authority to award fees under § 1988.

Appeal by petitioners and respondent from order entered 15 March 2011 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 9 November 2011.

*The Roseboro Law Firm, PLLC, by John Roseboro, for petitioners.*

*Womble Carlyle Sandridge & Rice, PLLC, by Reid C. Adams, Jr., Gemma L. Saluta, and Jonathan R. Reich, for respondent.*

*Tharrington Smith, L.L.P., by Deborah R. Stagner; and North Carolina School Boards Association, by Allison B. Schafer, General Counsel, for North Carolina School Boards Association, amicus curiae.*

GEER, Judge.

Petitioners Ardeal and Dianne Roseboro and respondent Winston-Salem/Forsyth County Board of Education ("the Board") cross-appeal from the trial court's award of attorney's fees to petitioners' counsel pursuant to 42 U.S.C. § 1988 (2006). Because this case was not an action or proceeding under 42 U.S.C § 1983 (2006), the trial court lacked authority to award fees under § 1988. We, therefore, reverse and remand to the trial court for further proceedings.

## Facts

On 10 November 2008, petitioners filed a petition for judicial review seeking review of the final decision of the Board affirming Victorious Rone's assignment to an alternative learning center for the 2008-2009 academic year. The petition invoked the superior court's jurisdiction under N.C. Gen. Stat. §§ 115C-45(c) and 115C-391(d) (2009). It alleged that "[t]he decision of the board of education upholding Victorious Rone's assignment to the Alternative Learning Center violates constitutional provisions, state law, and local board policy; was made upon unlawful procedure; is affected by other error of law; is unsupported by substantial evidence; and is arbitrary and capricious." With respect to the allegation of "unlawful procedure," the petition contended that the Board's "procedures violated Victorious Rone's due process rights under the federal and state constitutions, and local board policy . . . ."

The petition asked the superior court to reverse the decision upholding the assignment to the alternative learning center, that Victorious be returned to regular classes, and that the Board be ordered to expunge all references to the assignment from Victorious' official record. Finally, the petition asked "[t]hat the costs of this action, including reasonable attorney's fees, be taxed to Respondent . . . ."

The superior court, "[a]fter a full review of the Record, the transcript of the hearing below, the briefs and supporting cases," entered an order upholding the Board's decision. The court noted with respect to petitioners' claim for violation of federal and state due process rights that "[o]n appeal of a decision of a school board, a trial court sits as an appellate court and reviews the evidence presented to the school board." The court then concluded that Victorious' due process rights were not violated.

Petitioners appealed to this Court, which concluded, contrary to the superior court, that petitioners had shown a violation of Victorious' due process rights. *Rone v. Winston-Salem/Forsyth Cnty.*

*Bd. of Educ.*, 207 N.C. App. 618, 630, 701 S.E.2d 284, 293 (2010). The Court reversed and remanded to the superior court with instructions to further remand to the Board "to expunge Rone's assignment to the [alternative learning center] for the 2008-09 school year." *Id.* at 632, 701 S.E.2d at 294. The Court further mandated that "on remand, the superior court should determine whether petitioners are entitled to the costs of the proceedings." *Id.*

Upon remand, petitioners filed a Motion for Costs and Attorney's Fees, citing as authority 42 U.S.C. § 1988 and N.C. Gen. Stat. §§ 6-1 and 7A-305 (2009). The motion sought $60,030.00 in attorney's fees and $1,565.71 in costs. As grounds for the motion, petitioners asserted that "[t]his is an action to which 42 U.S.C. § 1983, 1988 apply" because "[i]n their petition for judicial review, Petitioners alleged, among other things, that the decision was made in violation of Petitioner Victorious Rone's constitutional right to procedural due process."

On 15 March 2011, the superior court entered an order awarding attorney's fees and expenses under 42 U.S.C. § 1988 in the amount of $50,000.00. The superior court noted that North Carolina is a notice pleading state and concluded that the petition for judicial review gave the Board "sufficient notice that Petitioners alleged a violation of the federal constitution" and that they were seeking attorney's fees and costs. Petitioners and the Board each timely appealed to this Court.

Discussion

The central question for this appeal is whether the superior court had authority to award attorney's fees and expenses under 42 U.S.C. § 1988. 42 U.S.C. § 1988(b) provides in pertinent part: "In any action or proceeding to enforce a provision of . . . § 1983 of this title . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

In this case, petitioners argue that because they contended that the Board violated Victorious' right to procedural due process under the federal constitution, this case constitutes an action under 42 U.S.C. § 1983. 42 U.S.C. § 1983 authorizes an injured party to bring "an action at law, suit in equity, or other proper proceeding for redress" against a party who, acting under color of law, subjected the injured party "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

Contrary to petitioners'—and the superior court's—assumption, the mere assertion of a federal constitutional violation does not transform a legal proceeding into a § 1983 proceeding that carries with it the right to seek fees under § 1988. *In N.C. Dep't of Transp. v. Crest St. Cmty. Council, Inc.*, 479 U.S. 6, 15, 93 L. Ed. 2d 188, 198, 107 S. Ct. 336, 341-42 (1986), the United States Supreme Court emphasized that attorney's fees may be awarded under 42 U.S.C. § 1988 only by "a court in an action to enforce one of the civil rights laws listed in § 1988 . . . ."

Consequently, the issue before us is whether this case is an "action or proceeding to enforce . . . § 1983." 42 U.S.C. § 1988. This proceeding was brought by way of a petition for judicial review under N.C. Gen. Stat. § 115C-45(c). Section 115C-45(c) first authorizes an appeal to the local school board from, among other decisions, a final administrative decision regarding the discipline of a student under specified statutes, including, at the time of the petition, N.C. Gen. Stat. § 115C-391, the basis for the discipline in this case.[1] Section 115C-45(c) further provides that "[a]n *appeal* of right brought before a local board of education . . . may be further *appealed* to the superior court of the State on the grounds that the local board's decision is *in violation of constitutional provisions*, is in excess of the statutory authority or jurisdiction of the board, is made upon unlawful procedure, is affected by other error of law, is unsupported by substantial evidence in view of the entire record as submitted, or is arbitrary or capricious." (Emphasis added.)

Consequently, in this case, the superior court was " 'sit[ting] in the posture of an appellate court and [did] not review the sufficiency of evidence presented to it but review[ed] that evidence presented to the [local board].' " *In re Alexander v. Cumberland Cnty. Bd. of Educ.*, 171 N.C. App. 649, 654, 615 S.E.2d 408, 413 (2005) (quoting *Mann Media, Inc. v. Randolph Cnty. Planning Bd.*, 356 N.C. 1, 12, 565 S.E.2d 9, 17 (2002)). While petitioners could have added a cause of action invoking the superior court's original jurisdiction and seeking redress for injuries resulting from the violation of the federal constitution, petitioners did not do so.

Under N.C. Gen. Stat. § 115C-391(e), judicial review by the superior court was required to be "in accordance with Article 4 of Chapter 150B of the General Statutes." Chapter 150B is the Administrative

---

1. N.C. Gen. Stat. § 115C-391 was repealed effective 23 June 2011. 2011 N.C. Sess. Laws ch. 282, § 1.

Procedure Act and, under N.C. Gen. Stat. 150B-51(b)(1) (2009), which falls within Article 4, the superior court was authorized only to affirm, remand, or reverse or modify the decision of the Board if that decision was "[i]n violation of constitutional provisions." In other words, the authority invoked by petitioners' petition for judicial review included only review of the Board's administrative decision and could not encompass the assertion of a new cause of action, such as a claim for relief under 42 U.S.C. § 1983. Simply put, this proceeding was an administrative appeal.

The United States Supreme Court's decision in *Webb v. Bd. of Educ. of Dyer Cnty., TN*, 471 U.S. 234, 85 L. Ed. 2d 233, 105 S. Ct. 1923 (1985), established that attorney's fees, as a general matter, may not be awarded under § 1988 for administrative proceedings. In *Webb*, the plaintiff, after prevailing in a § 1983 action challenging the termination of his employment, sought attorney's fees not only for time spent in the actual § 1983 action but also for time spent in an administrative appeal of his discharge before a school board. *Id.* at 237, 85 L. Ed. 2d at 239, 105 S. Ct. at 1925.

The Court held that "[b]ecause § 1983 stands as an independent avenue of relief and petitioner could go straight to court to assert it," the school board "[a]dministrative proceedings established to enforce tenure rights created by state law simply [were] not any part of the proceedings to enforce § 1983." *Id.* at 241, 85 L. Ed. 2d at 241, 105 S. Ct. at 1927 (internal quotation marks omitted). The petitioner was, therefore, "not automatically entitled to claim attorney's fees for time spent in the administrative process . . . ." *Id.*

Following the reasoning in *Webb*, if a party cannot in an actual action brought under 42 U.S.C. § 1983 recover for time spent in a separate administrative proceeding, then there is no basis for awarding fees under § 1988 when petitioners pursued only administrative remedies and never filed an independent action under 42 U.S.C. § 1983 at all. Under *Webb* and *Crest Street Community Council*, this case was not an action to enforce § 1983.

The Court in *Webb* acknowledged that a "discrete portion of the work product from the administrative proceedings" could be included within a § 1988 fee award if that work "was both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached" when the plaintiff became a prevailing party. *Webb*, 471 U.S. at 243, 85 L. Ed. 2d at 242, 105 S. Ct. at 1928. Since, however, petitioners never filed a § 1983 action, *Webb* precludes peti-

tioners from seeking recovery for any of the tasks performed in the administrative proceeding.

Petitioners attempt to suggest that their motion for costs somehow transformed this administrative proceeding into a § 1983 action. Not surprisingly, petitioners cite no authority indicating that a party may, for the first time, assert a cause of action in a motion for costs. Logically, petitioners' theory is procedurally impossible. Section 1988 allows fees only to the prevailing party, while N.C. Gen. Stat. § 6-1 (2011) authorizes a trial court to award costs "[t]o the party for whom judgment is given . . . ." In other words, by the time a party files a motion for costs, the proceeding must be over—a motion for costs cannot be a vehicle to initiate a new cause of action or transform the nature of the proceeding that has already concluded.

Consequently, the superior court in this case had no authority to award attorney's fees to petitioners under § 1988. We, therefore, reverse the trial court's order and do not address petitioners' argument regarding the sufficiency of the award. On remand, however, the superior court must consider whether petitioners are entitled to an award of fees under N.C. Gen. Stat. § 6-19.1 (2011) and whether petitioners are entitled to recover their costs apart from fees.

Reversed and remanded.

Judges STEELMAN and BEASLEY concur.